IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RAINIER BAKER,

    Plaintiff,

v.                                                      Civil Action No. 3:18CV447

ABDLE JAMALUDEEN, et al.,

    Defendants.

**MEMORANDUM OPINION**

Rainier Baker, a former Virginia inmate proceeding pro se and in forma pauperis, filed this 42 U.S.C. § 1983 action. In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. See Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Neither "inanimate objects such as buildings, facilities, and grounds" nor collective terms such as "staff" or "agency" are persons amenable to suit under § 1983. Lamb v. Library People Them, No. 3:13-8-CMC-BHH, 2013 WL 526887, at *2-3 (D.S.C. Jan. 22, 2013) (citations omitted) (internal quotations omitted) (explaining the plaintiff's "use of the collective term 'people them' as a means to name a defendant in a § 1983 claim does not adequately name a 'person'"); see Preval v. Reno, No. 99-6950, 2000 WL 20591, at *1 (4th Cir. Jan. 13, 2000) (citations omitted)

(affirming district court's determination that Piedmont Regional Jail is not a "person" under § 1983). Baker's allegations failed to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Accordingly, by Memorandum Order entered on September 21, 2018, the Court directed Baker to submit a particularized complaint within fourteen (14) days of the date of entry thereof. The Court warned Baker that the failure to submit the particularized complaint would result in the dismissal of the action.

More than fourteen (14) days have elapsed since the entry of the September 21, 2018 Memorandum Order. Baker failed to submit a particularized complaint or otherwise respond to the September 21, 2018 Memorandum Order.[1] Accordingly, the action will be dismissed without prejudice.

The Clerk is directed to send a copy of this Memorandum Opinion to Baker.

/s/ REP

Robert E. Payne
Senior United States District Judge

Date: December 28, 2018
Richmond, Virginia

---

[1] On October 9, 2018, the United States Postal Service returned the September 21, 2018 Memorandum Order to the Court because Baker had been released from incarceration. On October 16, 2018, Baker contacted the Court and the Clerk remailed the September 21, 2018 Memorandum Order to Baker. Nevertheless, Baker filed no response.